IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            OPINION and ORDER

KASSIDY GARRETT,                        22-cr-112-jdp-1

                Defendant.

---

The grand jury has returned an indictment charging defendant Kassidy Garrett with four counts of knowingly making a false statement on the Bureau of Alcohol, Tobacco, and Firearms (ATF) transaction form required by firearms dealers, in violation of 18 U.S.C. § 924(a)(1)(A). Dkt. 4. Garrett moves to dismiss the indictment on the ground that § 924(a)(1)(A) violates the Second Amendment under the new analytical framework announced in *New York State Rifle & Pistol Association, Inc. v. Bruen*, ___ U.S. ___, 142, S. Ct. 2111 (2022). Dkt. 32. The conduct criminalized by § 924(a)(1)(A) is not protected by the plain text of the Second Amendment, so I will deny her motion to dismiss.

## BACKGROUND

Garrett is charged with violating 18 U.S.C. § 924(a)(1)(A), which criminalizes

> knowingly mak[ing] any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter.

The indictment alleges that Garrett purchased four firearms from licensed dealers in Wisconsin

between February and April 2022; each time, she filled out ATF Form 4473 and swore that she was the actual purchaser of the firearm. But Garrett later admitted that she bought the firearms with the intent to transfer them to her boyfriend and his friend, who were the real purchasers and end-users of the firearms.

## ANALYSIS

Garrett brings her facial challenge to § 924(a)(1)(A) under the Second Amendment of the U.S. Constitution, which provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570, 634 (2008), the Supreme Court held that this right extends to individuals, guaranteeing "law-abiding, responsible citizens" the right to possess a handgun in the home for self-defense. *See also McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010) (holding right to keep and bear arms is fully applicable to the states by virtue of Fourteenth Amendment). A few months before Garrett was indicted, the Supreme Court held that the Second Amendment also provides the right to carry a handgun for self-defense outside the home. *Bruen*, 142 S. Ct. at 2122. *Bruen* also announced a new test for analyzing constitutional challenges to firearm regulations based on the regulation's consistency with the Second Amendment's plain text and historical understanding. *Id*. at 2126 and 2131.

Garrett argues that the conduct regulated by § 924(a)(1)(A) falls within the plain text of the Second Amendment and there is no historical tradition of regulating statements made during firearm sales, which renders this statute inconsistent with the original meaning of the

Second Amendment. The court finds this argument unpersuasive.

## A. The new test

Before *Bruen*, the courts of appeals applied a two-step inquiry for analyzing Second Amendment challenges to gun regulations that combined history with means-end scrutiny, which usually resulted in intermediate scrutiny. *Bruen*, 142 S. Ct. at 2126 (citing *e.g.*, *Kanter v. Barr*, 919 F.3d 437, 441-42 (7th Cir. 2019) (describing step two as "akin to intermediate scrutiny")). But Justice Thomas wrote for the majority in *Bruen* that this approach involved "one step too many" and that "[i]nstead, the government must *affirmatively prove* that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127 (emphasis added). The Court explained its new standard:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 2129-30.

In *Bruen*, the Court analyzed the constitutionality of a New York firearm licensing scheme in which an applicant was required to prove that he had "proper cause" to carry a concealed handgun in public for self-defense. *Bruen*, 142 S. Ct. at 2123. First, the Court held that the Second Amendment's plain text covered the conduct at issue because the petitioners were "ordinary, law-abiding, adult citizens" who sought to carry handguns publicly for self-defense. *Id.* at 2134–35. The Court then discussed extensively what sources were relevant to the Anglo-American history of the public carry of firearms and it explained how to apply those

3

sources when addressing a constitutional challenge to a modern gun regulation. *Id.* at 2136–56. Concluding that respondents had not met their burden to identify an American tradition justifying New York's proper-cause requirement, the Court held the requirement unconstitutional under the Fourteenth Amendment. *Id.* at 2156.

Nonetheless, the Court recognized that "the right to keep and bear arms in public has traditionally been subject to well-defined restrictions governing the intent for which one could carry arms, the manner of carry, or the exceptional circumstances under which one could not carry arms." *Id.* at 2138. Three of the Justices in the *Bruen* majority wrote or joined concurrences emphasizing that the Court's holding was narrow. Justice Alito emphasized that:

> Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742 (2010), about restrictions that may be imposed on the possession or carrying of guns.

*Id.* at 2157 (Alito, J., concurring). Justice Kavanaugh, joined by Chief Justice Roberts, wrote separately to underscore that the Second Amendment allows a "variety" of gun regulations and that the Court's decision should not "cast doubt on . . . laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 2162 (Kavanaugh, J. concurring) (quoting *Heller*, 554 U.S. at 626-27, and *McDonald*, 561 U.S. at 786).

Since *Bruen* was decided, dozens of federal district courts have been asked to address challenges to the constitutionality of federal firearms restrictions. A few of these challenges have been successful; most have not. *See United States v. Farley*, No. 22-CR-30022, 2023 WL 1825066, at *3 (C.D. Ill. Feb. 8, 2023); *United States v. Garrett*, No. 18 CR 880, 2023 WL 157961, at *2 (N.D. Ill. Jan. 11, 2023) (summarizing cases).

B. **Garrett's charged conduct**

Garrett is charged with four counts of knowingly making false statements or representations in firearms records. *Bruen* makes clear that the plain text of the Second Amendment protects an individual's right to "'possess and carry weapons in case of confrontation.'" *Bruen*, 142 S. Ct. at 2127 (quoting *Heller*, 554 U.S. at 592). *Bruen* did not address the recordkeeping requirements imposed on firearms dealers or the application requirements imposed on firearm purchasers.

Section 924(a)(1)(A) does not directly prohibit or regulate the possession or use of firearms. But Garrett argues that she could not violate § 924(a)(1)(A) outside the context of buying a gun, so her "core conduct" is the purchase of a firearm. She cites six cases in her supporting brief and two more in her reply brief to support her contention that the act of purchasing or receiving a gun is protected under the Second Amendment because these acts are a precondition to possession. *See United States v. Rowson*, No. 22-cr-310-PAE, 2023 WL 431037, at *15-19 (S.D.N.Y. Jan. 26, 2023); *United States v. Hicks*, 2023 WL 164170, at *2 (W.D. Tex. Jan. 9, 2023) ("How can one possess (or carry) something without first receiving it?"); *United States v. Kelly*, No. 22-cr-37, 2022 WL 17336578, at *2–3 (M.D. Tenn. Nov. 16, 2022); *United States v. Stambaugh*, 2022 WL 16936043, at *2-3 (W.D. Okla. Nov. 14, 2022); *United States v. Holden*, 2022 WL 17103509, at *3 (N.D. Ind. Oct. 31, 2022) ("Receiving a firearm is necessarily a precursor to keeping or bearing a firearm[.]"); *United States v. Quiroz*, 2022 WL 4352482, at *3-4 (W.D. Tex. Sept. 19, 2022) ("Receipt is the condition precedent to possession—the latter is impossible without the former."); *United States v. Kays*, 2022 WL 3718519, at *2 (W.D. Okla. Aug. 29, 2022). These cases provide some support for the idea

that the lawful receipt of a firearm is protected by the Second Amendment. But none of these eight cases involved a challenge to § 924(a)(1)(A), or any other prohibition against making false statements in firearm purchase applications.

As the government points out, at least three district courts have specifically rejected Second Amendment challenges to the false statement provision in § 924(a)(1)(A) in the wake of *Bruen*. *See United States v. Flores*, 2023 WL 361868 (S.D. Tex. Jan. 23, 2023); *United States v. Porter*, No. 3:22-CR-55, Dkt. 47, (S.D. W. Va. Jan. 5, 2023), Dkt. 40-1; *United States v. Tilotta*, No. 3:19-cr-04768-GPC, 2022 WL 3924282 (S.D. Cal. Aug. 30, 2022). The reasoning in these cases is persuasive. The right to possess and carry weapons in case of confrontation announced in *Heller* and *Bruen* does not imply any right to acquire firearms through false statements to funnel these firearms to other people. *See Tilotta*, 2022 WL 3924282, at *5. *Heller*, *McDonald*, and the concurring opinions in *Bruen* all expressly state that the Court's Second Amendment analysis should not cast doubt on "laws imposing conditions and qualifications on the commercial sale of arms." *Id.* (citing *Heller*, 554 U.S. at 626-27; *McDonald*, 561 U.S. at 787 (Alito, J.); *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring)). Garrett suggests that the reference to "commercial sale" applies only to the regulation of gun sellers. But the Court's reasoning suggests that the regulation of both sellers and buyers is permissible under the Second Amendment. As Justice Alito explains in his concurrence, the majority's holding in *Bruen* "decides nothing about . . . the requirements that must be met to buy a gun." *Id.* at 2157 (Alito, J., concurring).

Section 924(a)(1)(A) criminalizes false statements; it does not impose any restraint on a right expressly stated in the Second Amendment, which is the right to keep and bear arms.

Because § 924(a)(1)(A) does not restrain the right of a law-abiding citizen's right to armed self-defense, the conduct prohibited by that section is not presumptively protected by the Second Amendment. Thus, the government does not bear the burden to show that § 924(a)(1)(A) is consistent with our national tradition of firearm regulation. Garrett's motion fails at the first step of the *Bruen* analysis. In the absence of any binding or strongly persuasive authority holding § 924(a)(1)(A) to be unconstitutional, the court will uphold it.

*Bruen* represents a significant shift in the analytical framework for Second Amendment analysis. But if the Court had intended *Bruen* to trigger an avalanche that would overturn decades of precedent and previously-upheld firearm laws, one would have expected a clear and unequivocal statement to that effect. Instead, the concurring justices took pains to state that no such avalanche should follow *Bruen*.

ORDER

IT IS ORDERED that defendant Kassidy Garrett's motion to dismiss the indictment, dkt. 32, is DENIED.

Entered March 15, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge